# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY THORNE, SR., | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:18CV123 HEA |
| TROY STEELE, | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis. However, petitioner's application for writ of habeas corpus is successive and shall be summarily dismissed. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted and sentenced in the Circuit Court of St. Francois County on November 19, 2003, on charges of statutory sodomy.

The Court's records show that petitioner previously brought a § 2254 petition for a writ of habeas corpus, and that the action was denied on the merits. *See Thorne v. Purkett,* No. 4:05-CV-1172 DDN (E.D.Mo.). The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. *Thorne v. Purkett,* No. 08-3139 (8th Cir. 2009).

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner **must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court.**[1] 28 U.S.C. § 2244(b)(3)(A). (emphasis added) Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] Petitioner asserts that the Supreme Court case of *Martinez v. Ryan*, 566 U.S. 1 (2012), provides him with a new avenue for habeas corpus relief. *Martinez* provides that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. However, *Martinez* only applies to preserve underlying ineffective assistance of **trial** counsel claims. 566 U.S. at 9. Although petitioner raised an ineffective assistance of trial/plea counsel claim with regard to plea counsel's purported failure tell petitioner that his videotaped confession could be used against him at trial, the District Court did not find that this claim was procedurally defaulted. Instead, the District Court found that petitioner had failed to satisfy the *Strickland* test, and based upon the record before it, the District Court, as well as the Missouri Circuit Court, affirmed by the Missouri Court of Appeals, concluded that petitioner's plea counsel's performance did not fall below the objective standard of reasonableness and should not be faulted for not pursuing a claim that the confession was purportedly coerced. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This was because petitioner specifically swore to the Missouri Circuit Court during his guilty plea that his confession was not coerced.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of April, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE